**Donald Whitfield BUCKLEY,
Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1101–88.**

Court of Criminal Appeals of Texas,
En Banc.

March 21, 1990.

James L. Clark, Naples, for appellant.

David Landel Nichols, Dist. Atty., Daingerfield, Robert Huttash, State's Atty. and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of aggravated sexual assault upon his eight year old daughter, and his punishment was assessed by the jury at 99 years confinement in the Texas Department of Corrections.

On appeal appellant challenged admissibility of an out of court statement made by complainant to appellant's adult daughter with respect to the instant offense. The trial court admitted this hearsay statement on authority of Article 38.072, V.A.C.C.P. Relying upon this Court's decision in *Long*

*v. State,* 742 S.W.2d 302 (Tex.Cr.App.1987), appellant argued this statute violated his rights to confrontation under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Texas Constitution. Over one Justice's dissent, the Sixth Court of Appeals rejected appellant's argument and affirmed his conviction. *Buckley v. State,* 758 S.W.2d 339 (Tex.App.—Texarkana 1988). We granted appellant's petition for discretionary review pursuant to Tex.R.App.Pro., Rule 200(c)(2), (4) & (5). We affirm the judgment of the court of appeals.

### I.

Article 38.072, supra, was enacted by the 69th Legislature in 1985. See Acts 1985, 69th Leg., p. 4512, ch. 590, § 1, eff. Sept. 1, 1985. In its entirety it reads:

"Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger:

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

(2) Section 25.02 (Incest);

(3) Section 25.06 (Solicitation of a Child, added by Chapter 413, Acts of the 65th Legislature, Regular Session, 1977); or

(4) Section 43.25 (Sexual Performance by a Child).

Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law."

Pursuant to section 2(b)(1)(A) & (B) of this provision, the State gave timely notice of its intent to call Dianne Lillie, appellant's adult daughter, during its case in chief to relate a hearsay statement made to her by complainant which the State "believed to be the child's first outcry[.]" Immediately before trial commenced, the trial court held a hearing outside the presence of the jury at which both complainant and Lillie were questioned regarding the circumstances of complainant's outcry. Without expressly finding complainant's statement reliable, the trial court ruled, "I am going to allow this offer to come before the jury." Accordingly, Lillie was allowed to testify that about June 5, 1987, complainant had told her that a week before appellant "was spreading her legs apart and putting his tee tee in her tee tee." She testified that in "Buckley family parlance" "tee tee" referred to "[p]enis and vagina." Following Lillie's testimony, the State presented testimony from a pediatrician who examined complainant on June 5, 1987. Immediately after the doctor's testimony in this brief trial, complainant herself was called by the State. Following the State's direct examination, appellant was given a full opportunity to crossexamine her with regard to the alleged offense, and he did so. He obtained admissions, *inter alia:* that complainant did not think her father loved her; that she wanted to live with her older sister, Lillie; and that she would "say what [she] had to to keep from going back to [her] father." Although not prevented from it, appellant tendered no questions with regard to complainant's statement to

Lillie on June 5. A short time later, during presentation of defensive evidence, appellant was allowed to recall complainant in order to lay a predicate to prove a prior inconsistent statement. Complainant testified she had told her grandmother the previous day her father had assaulted her. The grandmother, appellant's mother, subsequently testified that in their conversation the day before complainant had in fact denied the assault, and confessed that Lillie was telling her what to say.[1]

Appellant does not allege Article 38.072, supra, was violated or misapplied in his cause. Rather, he attacks constitutionality of the statute itself in that it denied him "the opportunity to confront and contemporaneously cross-examine his accuser." Neither due process nor due course of law is raised.

## II.

◼ In an able brief filed in this cause the State Prosecuting Attorney argues, *inter alia*, that Article 38.072, supra, passes confrontation muster by virtue of its requirement, in section 2(b)(3), that "the child testifies or is available to testify at the proceeding in court or in any other manner provided by law." As applied to this case, we agree.

In *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the United States Supreme Court articulated "a general approach" to resolution of Sixth Amendment confrontation problems arising in context of state use of hearsay statements for the truth of the matter asserted. Thus:

"The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must <u>either produce, or</u>

demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. [Citations omitted].

The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.' *Snyder v. Massachusetts*, 291 U.S. [97], at 107, 54 S.Ct. [330] at 333 [78 L.Ed. 674 (1934).]

\* \* \* \* \* \*

In sum, <u>when a hearsay declarant is not present for cross-examination at trial,</u> the Confrontation Clause normally requires a showing that he is unavailable.[2] Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness. [footnote omitted]"

448 U.S. at 65–66, 100 S.Ct. at 2538–39, 65 L.Ed.2d at 607–08.

The underscored portions of the Supreme Court's language in *Ohio v. Roberts*, supra, presupposes its earlier holding in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), a holding we find dispositive of the instant case.

In *California v. Green*, supra, the Supreme Court was presented with the question whether two pretrial hearsay statements could be admitted as substantive evidence without violating the Sixth Amendment Confrontation Clause. One was simply a statement given by the declarant, Porter, to a police officer. The

---

1. A fuller recitation of facts appears in the opinion of the court of appeals. 758 S.W.2d at 340–42.

2. The Supreme Court has identified at least one exception to this norm. *United States v. Inadi*,

475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986).

(All emphasis added unless otherwise indicated.)

other was testimony the same declarant had subsequently given at a preliminary hearing. Aspects of the two statements were inconsistent. At trial Porter testified, and "insisted that he had been telling the truth as he then believed it both to [the police officer] and at the preliminary hearing; but he insisted that he was also telling the truth now in claiming inability to remember the actual events." 399 U.S. at 152, 90 S.Ct. at 1932, 26 L.Ed.2d at 494.

The Supreme Court's analysis was threefold. In Part II of its opinion the Court first considered the abstract question whether admission of the out-of-court statement of a witness who subsequently testifies at trial and is "subject to full and effective crossexamination" at that time, will violate the Confrontation Clause. The Court rejected the categorical view "that belated cross-examination can never serve as a constitutionally adequate substitute for cross-examination contemporaneous with the original statement." 399 U.S. at 159, 90 S.Ct. at 1935, 26 L.Ed.2d at 497. Hence, in Part IV of its opinion the Court remanded the cause for a determination by the California court in the first instance of whether Porter's asserted loss of memory by the time of trial may have prevented the "full and effective crossexamination" required to test reliability of the pretrial statement given to the police officer.

▉ The same disposition was unnecessary as to the preliminary hearing testimony, however. This is so, the Court reasoned in Part III, because Green had been afforded an opportunity for adequate crossexamination at the preliminary hearing itself. Under the Court's precedents the statement of an "unavailable" witness was constitutionally admissible under such circumstances. The Court found nothing in this prior caselaw to indicate "that a different result must follow where the State produces the declarant and swears him as a witness at the trial." 399 U.S. at 166, 90 S.Ct. at 1939, 26 L.Ed.2d at 502. For this reason, remand to determine whether Green's opportunity *at trial* for full and effective crossexamination vis-a-vis Porter's preliminary hearing testimony, was not required.

That Part III of *Green* "alone dispositively established the admissibility of Porter's preliminary hearing testimony[,]" see Justice Blackmun's exegesis in *Ohio v. Roberts*, 448 U.S. at 69, n. 10, 100 S.Ct. at 2540–41, 65 L.Ed.2d at 610, does not undo the holdings of Parts II and IV, *viz.*: that the opportunity at trial to cross-examine the declarant of an out-of-court statement may well, in a given case, provide all the confrontation the Federal Constitution requires. Thus, a statute allowing for admission as substantive evidence of a pretrial statement of a witness when that witness is made available to testify at trial would not seem to offend confrontation principles. Consistent with *California v. Green*, supra, only when the opportunity for "full and effective crossexamination" of a child complainant pursuant to the statute proves impossible at trial would the two-prong analysis of *Ohio v. Roberts*, supra, requiring particularized showings of "necessity" and "reliability," come into play. Facially, Article 38.072, supra, violates neither the federal nor the state confrontation clause.[3]

▉ Moreover, as applied to this case, the statute operated to provide appellant sufficient confrontation. Lillie's testimony regarding complainant's out-of-court state-

---

3. We share the court of appeals' view, expressed in its opinion on rehearing, 758 S.W.2d at 349, that *Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), does not alter the analysis. In *Coy* the Supreme Court recognized that first and foremost the Sixth Amendment Confrontation Clause protects the literal right to face-to-face confrontation—at trial. Absent "individualized findings that these particular witnesses needed special protection," the Court held that literal right could not be abridged by placing a screen between the defendant and child complainants—at trial. The statute here places no such barrier between witness and accused—at trial. Consequently the literal right of the accused to confront his accusers is not implicated. Nor do we understand *Coy* to require exclusion of an out-of-court statement unless literal confrontation is afforded contemporaneously with the statement itself. Such a holding would effectively constitutionalize the hearsay rule, "a result long rejected as unintended and too extreme" under the Federal Constitution, *Ohio v. Roberts*, 448 U.S. at 63, 100 S.Ct. at 2537, 65 L.Ed.2d at 606, and unacceptable under our own as well.

ment was separated in time from appellant's actual cross-examination of the child only by the brief testimony of the pediatrician. Appellant chose not to challenge complainant's out-of-court statement through complainant herself. Nevertheless, the cross-examination he did conduct of complainant was relatively efficacious in taking her credibility to task. Certainly the Sixth Amendment requires no more. See *United States v. Owens,* 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). We conclude appellant was afforded every opportunity the confrontation clauses require.[4]

Accordingly, the judgment of the court of appeals is affirmed.

TEAGUE, J., dissents.

**4.** Appellant cites *Vasquez v. State,* 145 Tex.Cr.R. 376, 167 S.W.2d 1030 (1942), for the proposition that his right to confrontation under the Texas Constitution was violated. In our view *Vasquez* is not controlling. In the first place the issue in *Vasquez* was sufficiency of the circumstantial evidence in a prosecution for rape of a child, where the child herself did not testify and medical testimony on the question of actual penetration was inconclusive. Along the way to holding the evidence insufficient, this Court observed:

"Where evidence is available to the State which would give direct and positive statements on the subject of penetration but the State has failed to use it, its failure is a strong circumstance against the prosecution and, it appears, should be considered a barrier which the State must surmount with more than ordinary diligence. Such we view the present case to be. The little girl was nervous and exited [sic] and this was relied upon as a reason for the State not offering her as a witness, though she was an unusually smart child. We do not believe that it is sufficient under the facts stated to defeat the right of the accused to be confronted by the witnesses against him. The writer shares all of the

sympathy which the State and the jury may have had for the child in her unfortunate situation and would like to relieve her completely of the embarrassment, but it would set a precedent too dangerous to be sanctioned. It would be better that a guilty person go unpunished than that this important provision of our Constitution should be ignored. The rights of the accused in the instant case, however important to him, are infinitesimal when compared to the rights of the millions which are protected by the constitutional provision involved."

145 Tex.Cr.R. at 380, 167 S.W.2d at 1032. As this case was decided well before *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), the "constitutional provision involved" was that of the Texas Constitution. It should be noted, however, that in *Vasquez,* supra, the State neither *presented* the child declarant at trial for confrontation as to her out-of-court statement, nor demonstrated to the Court's satisfaction a necessity for *not* having presented her. See *Ohio v. Roberts,* supra. Thus, unlike appellant in the instant cause, Vasquez was provided *no opportunity to confront* his principal accuser.