Gilbert 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-257-CR





 DWAYNE GILBERT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0912316, HONORABLE TOM BLACKWELL, JUDGE PRESIDING



 




 A jury found Dwayne Gilbert, a/k/a "Hambone", guilty of aggravated sexual
assault of a child. Tex. Penal Code Ann. § 22.021 (1989). The trial court assessed punishment
at thirty years' incarceration. Appellant brings three points of error. We will affirm the trial
court's judgment.

 The jury convicted appellant of aggravated sexual assault of the six-year-old
daughter of his girlfriend. The girl's mother noticed a strange smell in the girl's underwear and
proceeded to take her daughter, Angela, to the hospital. Later, it was determined that Angela had
gonorrhea. 

 The emergency-room physician, Dr. Craig Corey, asked Angela during his
examination if someone had had sexual contact with her. The girl answered affirmatively and
indicated that "Hambone" had touched her. Testimony disclosed that "Hambone" was appellant's
nickname. After the physical examination, Corey referred Angela to a social worker, Nita
Penniman, who asked Angela what had happened. Angela indicated that Hambone had touched
her vagina with his penis ten times, and described other details of the sexual assault. Dr. Beth
Nauert, a pediatrician with expertise in the field of child sexual abuse, examined Angela eight
days later. Angela gave Nauert similar information concerning the nature of the act and the
identity of the actor. Corey, Penniman, and Nauert all consistently testified to Angela's
description of the assaults and identification of appellant as the assailant.

 Gilbert contends that the trial court erred in allowing these hearsay statements into
evidence because only one outcry witness is permissible. Appellant also argues that the doctors'
testimony should not have been allowed because the information was not obtained for medical
diagnosis. We hold that the testimony of all three witnesses at trial was admissible.

 Gilbert argues in his first point of error that the trial court incorrectly admitted
three outcry statements when only one is admissible under article 38.072. Tex. Code Crim. Proc.
Ann. art. 38.072 (Supp. 1992). He argues that only the outcry testimony of Dr. Corey was
admissible under this theory because the statute permits only the recounting of the first outcry by
the child. Therefore, appellant argues, Penniman's detailed outcry testimony should have been
excluded as well as Nauert's testimony.

 The court of criminal appeals recently dealt with a similar circumstance in Garcia
v. State, 792 S.W.2d 88 (Tex. Crim. App. 1990). In Garcia, the complainant told her school
teacher that someone had molested her. The trial court allowed a social worker, who later
received a detailed description of the assault from the complainant, to testify as the outcry witness. 
The court of criminal appeals found no error and, mindful of the legislative purpose of curbing
sexual abuse of children, said that general allegations of child abuse are not "statements about the
offense" under article 38.072. Id. at 91. The court's holding necessarily implies that the trial
judge determine who is the "first person" to hear a "statement about the offense". Id.

 Angela's statement to Dr. Corey did not rise past the level of a general allusion of
sexual abuse. In response to the doctor's questions, Angela indicated that someone had touched
her "private parts". When he further asked if someone touched her with his or her private parts,
she replied "Yes, Hambone did." Corey made no further inquiry into the sexual abuse. This
discourse between Angela and the doctor was so attenuated and brief that it was nothing more than
a general allusion of sexual abuse. Thus, the detailed description of the sexual offense --including
the time, place, number of times, and name of the assailant-- given to Penniman was properly
admitted as the testimony of the first person to hear a statement about the offense within the
meaning of article 38.072 as construed in Garcia.

 Appellant further contends that the trial court abused its discretion by admitting the
outcry statement because the statement was not reliable under article 38.072 § 2(b)(2). Tex. Code
Crim. Proc. Ann. art. 38.072 (Supp. 1992). The court of criminal appeals has explained that
reliability of the testimony will be implied when the trial judge allows the hearsay into evidence. 
Villalon v. State, 791 S.W.2d 130, 136 (Tex. Crim. App. 1990). Here, the trial judge explicitly
stated that the hearsay was reliable. We find nothing in the record that clearly shows an abuse
of the trial court's discretion. In fact, "[a]s a statutory exception to the hearsay rule, the
testimony contained sufficient guarantees of trustworthiness to be admissible at trial for all
purposes." Id. at 135. Therefore, the evidence met the reliability requirement of article 38.072.

 Similarly, Gilbert's right to confrontation was not infringed because Angela
testified and was available for cross-examination. His failure to cross-examine Angela because
she was somewhat nonresponsive on direct examination does not violate the right to confrontation
as he had full opportunity to cross-examine. Gilbert simply chose not to cross-examine Angela. 
Therefore, the application of article 38.072 in this case did not violate the state or federal
constitution. See Holland v. State, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991); Buckley v.
State, 786 S.W.2d 357 (Tex. Crim. App. 1990). Also, no evidence exists which suggests that
appellant's due-process guarantees were infringed by duplicative or improper evidence proffered
by the State, as the evidence was not improper or unnecessary in this case. Accordingly, we
overrule appellant's first point of error.

 The testimony of Drs. Corey and Nauert was admitted under the hearsay exception
for medical diagnosis. See Tex. R. Crim. Evid. Ann. 803(4) (Pamph. 1992). Appellant contends
in his second point of error that the complainant's identification of appellant as the abuser was not
necessary for medical diagnosis and was therefore inadmissible hearsay. This Court recently held
that "the identity of the abuser is pertinent to the medical treatment of the child." Fleming v.
State, 819 S.W.2d 237, 247 (Tex. App. 1991, pet. ref'd). "We conclude that the child's
statements to [the doctors] describing the abusive acts and identifying the abuser were reasonably
pertinent to medical diagnosis and treatment, and were properly admitted pursuant to Rule
803(4)." Id.

 We, therefore, overrule appellant's second point of error.

 We need not reach appellant's final point of error as it is moot due to our resolution
of point of error number two. 

 We affirm the judgment of the trial court.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: April 22, 1992

[Do Not Publish]