Opinion issued April 14, 2005






















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00599-CR




FOSTER LYNN MILES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 836193




MEMORANDUM OPINION

          Appellant, Foster Lynn Miles, was charged by indictment with sexual assault
of a child. Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2004–2005). A jury found
appellant guilty and assessed punishment at 12 years’ confinement. On appeal, this
Court reversed the judgment and remanded for a new trial. Miles v. State, 61 S.W.3d
682 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). Upon re-trial, a jury convicted
appellant and assessed punishment at 10 years’ confinement.
          In two issues, appellant contends that the trial court erred (1) in refusing to
admit a portion of the videotaped interview of the complainant to impeach her trial
testimony and (2) in refusing to admit evidence that complainant’s boyfriend was on
deferred adjudication community supervision for sexual assault of a child.
          We affirm.
BACKGROUND 
          Only those facts pertinent to a determination of the issues presented are stated. 
A more complete statement of the facts is given in Miles, 61 S.W.3d at 683–84. 
          The complainant, A.M., was nine years old when her mother’s boyfriend,
appellant, moved into her home. Subsequently, appellant fondled A.M. on several
occasions. When A.M. was fourteen, appellant engaged in sexual intercourse with
her. A few weeks after the incident, when appellant announced that he and A.M.’s
mother, Alicia Murphy, planned to marry, A.M. told her mother about appellant’s
behavior. 
          Alicia, a pediatric registered nurse, ordered appellant from the house and called
police. Alicia took A.M. to the Children’s Assessment Center, where a physical
examination was performed and a caseworker conducted a videotaped interview of
A.M. The physical exam revealed that A.M. had healed tears in her hymen consistent
with forced sexual intercourse. Sergeant Kendal Clark of the Houston Police
Department viewed the videotaped interview immediately after it was taken and
conducted a follow-up interview with A.M.
          At trial, A.M. admitted on cross-examination that there were some
inconsistencies between her testimony on direct examination and her statements on
the video. A.M.’s cousin, Vanessa Winters, testified that, during the events in
question, complainant suggested that she was having sex with a boyfriend, Timmy
Ryan. At the time, Timmy Ryan was on deferred adjudication community supervision
for sexual assault of a child.
Admission of the Videotape
          At trial, outside the presence of the jury, defense counsel indicated to the State
and to the trial court that it intended to introduce specific portions of the videotaped
interview to impeach A.M.’s testimony. The State argued that, if those portions of
the interview were admitted, then the entire videotaped interview must be admitted. 
The trial court ruled that the entire tape must be admitted, and defense counsel
declined to introduce the tape before the jury.
          In his first issue, appellant contends that the trial court erred in ruling that he
could not offer only a limited portion of the videotape into evidence without offering
the whole video. The State argues that, because appellant ultimately declined to offer
the videotape into evidence before the jury, any error was waived.
          Preservation of Error
          The Court of Criminal Appeals recently addressed preservation of error when
a party seeks to introduce statements from a videotaped interview of a victim in the
context of aggravated sexual assault of a child. Sauceda v. State, 129 S.W.3d 116,
118 (Tex. Crim. App. 2004). In Sauceda, at the close of the State’s case-in-chief,
outside the presence of the jury, defense counsel indicated to the trial court that it
wished to call the Child Protective Services (“CPS”) caseworker who interviewed the
victim on videotape. Id. at 118. The trial court held that, if the defense introduced
the caseworker’s statements, then the State would be entitled to introduce the
videotape of the interview under the rule of optional completeness,


 even though the
videotape also contained references to uncharged offenses. Id. at 118–19. The
defense elected not to call the CPS caseworker. Id. at 119. On appeal, the State
argued that the appellant waived error by choosing not to call the caseworker to
testify after the court’s ruling. Id. at 120. The State supported its argument with Luce
v. United States, 469 U.S. 38, 41–42, 105 S. Ct. 460, 463–64 (1984), Jackson v. State,
992 S.W.2d 469, 479 (Tex. Crim. App. 1999), and Caballero v. State, 919 S.W.2d
919, 923 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d). The Court of Criminal
Appeals reasoned that these cases do not apply to the issue of whether the
introduction of segments of an interview trigger the introduction of the entire
interview because the cases instead stand for the proposition that “a defendant must
actually have testified in order to preserve error on a trial court’s ruling allowing the
State to impeach the defendant with prior convictions.” Sauceda, 129 S.W.3d at 120. 
The court held that the proper measure for preservation of error in the context before
it in Sauceda is Rule of Appellate Procedure 33.1. Id. at 121.
           Under Rule of Appellate Procedure 33.1, 
[a]s a prerequisite to presenting a complaint for appellate review,
the record must show that:
          (1)     the complaint was made to the trial court by a timely
request, objection, or motion that:
                    (A)    stated the grounds for the ruling that the
complaining party sought from the trial court with
sufficient specificity to make the trial court aware of
the complaint, unless the specific grounds were
apparent form the context; and
 . . .
          (2)     the trial court:
                    (A)    ruled on the request, objection, or motion, either
expressly or implicitly; or
                    (B)    refused to rule on the request, objection, or motion,
and the complaining party objected to the refusal.
 
Tex. R. App. P. 33.1. 
          In Sauceda, the Court of Criminal Appeals held that the requirements of Rule
33.1 were met when, after the defense indicated to the trial court that it planned to
call the caseworker to testify to specific statements in the videotaped interview, the
trial court ruled, over the defense’s objection, that the entire videotape must come
in. Sauceda, 129 S.W.3d at 119. In addition, the Court of Criminal Appeals held
that appellant’s ultimate choice not to present the excerpts of testimony did not
waive error because the trial court had already addressed the matter and “[i]t was
unlikely that the judge would have changed her ruling after this time.” Id. at 121. 
          Here, similar to Sauceda,


 the evidence shows that, at the conclusion of A.M.’s
testimony at trial, defense counsel asked the trial court to admit portions of the
videotaped interview in which A.M. described the specific sex act for which appellant
was on trial. The following exchange took place outside the presence of the jury:
          [DEFENSE]:         I’ve been discussing with Mr. Davis [counsel for State]
about the admissibility or not of the videotape of the
complainant. . . . What I would like to do is to play only
that portion of the tape where the interviewer is discussing
with her about the sex act itself that is the basis of this
charge.
 
          [STATE]:              . . . given that the videotape with everything that she said
on there is considerably longer, I would think that if she
were offering the videotape, under the Rule of Optional
Completeness the remainder of the tape would come in as
well.
 
          COURT:            That’s what it looks like to me.

          . . . .
 
          [DEFENSE]:         The only thing I want to introduce is that portion of the
tape that deals with this event that he’s on trial for that is
inconsistent with what she’s already testified to; . . . 
 
          COURT:                Well, I think the whole tape comes in.
 
          [DEFENSE]:         Judge, you will note my objection? And having said that,
then I guess – I think what we would like to do instead of
having the CPS person that did the interviewing come in,
I think Mr. Clark [police officer] watched the interview
while it was being performed; so, probably if we could get
a TV and just play it. Oh, does this thing work?
 
          [STATE]:              Yes. We’ve just been lazy and haven’t got – at least my
understanding is that it works.
 
          COURT:                Well, let’s find out before we get the jury in the box. Let’s
work on it right now. Sometimes it’s the judge’s fault.

          (End of transcript of hearing.)

          Pursuant to Rule 33.1, defense counsel asked the trial court to admit portions
of the videotaped testimony, and the trial court ruled that the entire videotape would
come in, over defense counsel’s objection. Based on the ruling, defense did not seek
to reintroduce the videotape before the jury. The State cites the same cases as in
Sauceda, above, to support its contention that appellant waived the issue for appeal. 
However, in light of the holding in Sauceda, we hold that appellant, in choosing not
to present the videotape evidence based on the trial court’s ruling, did not waive this
issue for review. See Sauceda, 129 S.W.3d at 121. 
          Admission of the Entire Videotape
          Turning to appellant’s first argument, appellant contends that the trial court
abused its discretion in ruling that the entire tape would be admitted on the State’s
motion, under the rule of optional completeness, if appellant introduced specific
segments to impeach the complainant’s testimony. 
          We review a trial court’s ruling under one of the rules of evidence for an abuse
of discretion. Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). A trial
court abuses its discretion when it acts without guiding rules or principles. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). We must review
the trial court’s ruling in light of what was before the trial court at the time the ruling
was made and uphold the trial court’s judgment if it lies within the zone of reasonable
disagreement. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

          Rule of evidence 107, the rule of optional completeness, states in pertinent part
that 
[w]hen part of . . . a recorded statement is given in evidence by one
party, the whole on the same subject may be inquired into by the other,
and any other . . . recorded statement which is necessary to make it fully
understood or to explain the same may also be given in evidence . . . .
 
Tex. R. Evid. 107. To be admitted under the rule, the other statement must be “on
the same subject” and must be “necessary to make it fully understood.” Sauceda, 129
S.W.3d at 123 (quoting Tex. R. Evid. 107). 
          Here, the evidence shows that, in conjunction with the testimony by Officer
Clark that the complainant’s testimony was inconsistent, appellant sought to
introduce specific statements from the videotape to further demonstrate the
inconsistencies. Appellant contends that he could not allow the whole tape to be
admitted because it contains references to other allegations.
          In a case on similar facts, Credille v. State, the defense sought to challenge the
credibility of a child complainant by cross-examining the police officer who
interviewed the complainant. 925 S.W.2d 112, 116 (Tex. App.—Houston [14th Dist.]
1996, pet. ref’d). The State established that the specific statements by the
complainant came from a videotaped interview and moved for admission of the entire
tape. Id. The court found that, because appellant challenged the complainant’s
credibility, it was necessary to show the specific instances in the context of the entire
interview. Id. at 117. 
          The Court of Criminal Appeals has construed Credille to stand for the
proposition that, when the defense references specific statements made by the
complainant during a videotaped interview which, if taken out of context, could
create the possibility of the jury receiving a false impression, the entire videotaped
interview is properly admissible. Sauceda, 129 S.W.3d at 123.
          Here, the videotape was never admitted at trial but the record suggests that the
tape was viewed by the defense, the State, and the trial court because there was
discussion, laid out above, concerning preparation of the television to review the tape
and then time spent off record. However, the tape was never made part of the record
before us. Hence, we are unable to review the tape to determine whether it could
have been edited to eliminate irrelevant or prejudicial portions of the interview. A
court of appeals cannot determine whether a trial court’s ruling was erroneous if it is
unable to review the entire relevant record. See Guajardo v. State, 109 S.W.3d 456,
460–62 & n.17 (Tex. Crim. App. 2003). We must presume the omitted evidence
supports the trial court’s judgment and defer to the trial court’s holding that the entire
tape could properly be admitted. See id.
          Sixth Amendment Right to Confrontation
          Appellant further claims that the trial court’s denial of the admission of only
specific portions of the videotape interfered with his right to cross-examine the
complainant.
          Under the Sixth Amendment to the United States Constitution and article one,
section ten of the Texas Constitution, an accused has the right to confront an adverse
witness. U.S. Const. amend. VI; Tex. Const. art. I, § 10. However, a defendant’s
right to confrontation is not violated by admitting a declarant’s out-of-court statement
when the declarant is a testifying witness and is subject to full and effective cross-examination. Buckley v. State, 786 S.W.2d 357, 360–61 (Tex. Crim. App. 1990). 
          Here, appellant failed to make a timely and specific objection on the basis of
the confrontation clause. Hence, he has waived any complaint. See Beckam v. State,
29 S.W.3d 148, 154 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). 
          However, even if were to find that appellant did not waive error, appellant has
not shown that his right to confront witnesses was violated. Appellant concedes that
he was fully permitted to cross-examine the complainant without limitation, other
than the introduction of the videotape segments. At trial, appellant cross-examined
the complainant about the inconsistencies between her testimony at trial and her
statements on the videotape. The complainant admitted that her statements were
inconsistent. In addition, appellant cross-examined Officer Clark about the
inconsistencies. When a defendant has the opportunity at trial to question the
declarant about an out-of-court statement, the defendant has received all the
protection afforded by the constitution. United States v. Owens, 484 U.S. 554, 559,
108 S. Ct. 838, 842 (1988); Buckley, 786 S.W.2d at 361.
          Appellant’s first issue is overruled. 
 
 
          Admission of Evidence Regarding Collateral Offense 
          In his second issue, appellant contends that the trial court erred in denying 
admission of evidence regarding a possible motive of the complainant to accuse
appellant of the conduct at issue—specifically, that her alleged boyfriend was already
on deferred adjudication community supervision for having sexually assaulted a child
and risked substantial punishment for committing another similar offense herein. 
          The testimony showed that, during the events in question, the complainant was
infatuated with a person named Timmy Ryan and slept with items of his clothing. 
Timmy Ryan was on deferred adjudication community supervision for sexual assault
of a child. Appellant asserts that the complainant was having a sexual relationship
with Timmy Ryan and accused appellant of sexually assaulting her in order to protect
Ryan from further charges. Appellant contends that the exclusion of Ryan’s offense
prevented him from meaningfully confronting the complainant about her alleged
motive to lie.
          As discussed above, in order to preserve a complaint for appellate review, the
trial court must have been presented with a timely request, objection, or motion, and
must have received a ruling from the trial court. See Tex. R. App. P. 33.1. The
evidence shows that the State filed a pre-trial motion in limine to restrict any
reference to Ryan’s conviction on the basis of relevancy and likelihood of confusion. 
The trial court granted the State’s motion in limine but noted that the issue of
admissibility would be carried through trial. At trial, appellant never sought to admit
any evidence regarding Ryan’s offense nor did appellant attempt to cross-examine
A.M. on this issue. Appellant never received a final ruling from the trial court as to
the admissibility of the evidence pursuant to Rule 33.1. See id. Hence, appellant has
not shown a denial of his right to confrontation of witnesses and has not preserved
error for review. See Beckam, 29 S.W.3d at 154.
          Appellant’s second issue is overruled.CONCLUSION
 
We affirm the judgment of the trial court. 




                                                   Laura Carter Higley
                                                   Justice
 
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).