

# NUMBERS 13-24-00247-CR, 13-24-00248-CR, 13-24-00249-CR, 13-24-00250-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**PEDRO ROJAS-ANTONIO,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                           **Appellee.**

---

## ON APPEAL FROM THE 89TH DISTRICT COURT
## OF WICHITA COUNTY, TEXAS[1]

---

## OPINION

**Before Justices Silva, Peña, and Cron**
**Opinion by Justice Cron**

---

[1] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We are bound by the precedent of the transferring court to the extent that it differs from our own. *See* TEX. R. APP. P. 41.3.

This appeal tests the limits of the outcry exception to hearsay. *See* TEX. CODE CRIM. PRO. ANN. art. 38.072. A jury convicted appellant Pedro Rojas-Antonio of one count of aggravated sexual assault of a child, a first-degree felony, and three counts of indecency with a child by sexual contact, second-degree felonies. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. Appellant first complains that, under the plain language of Article 38.072, the trial court erred by allowing a police officer to testify as the outcry witness because the complainant made her outcry to a forensic examiner, whereas the officer only observed the outcry from a separate room via a live video feed. By a related but separate issue, appellant also argues that allowing the officer to testify violated his right to confrontation under the Sixth Amendment because he was unable to cross-examine the forensic examiner about the interview.

Although we agree that the officer was not a proper outcry witness under Article 38.072, we conclude that the error was harmless because the officer's outcry testimony was cumulative. We also hold that appellant failed to preserve his constitutional complaint in the trial court. Accordingly, we affirm.

## I. BACKGROUND

Unless noted otherwise, these facts were presented to the trial court during a preliminary hearing outside the presence of the jury. *See* TEX. CODE CRIM. PRO. ANN. art. 38.072, § 2(b)(2). Twelve years old at the time, Lacy[2] told her school counselor that she

___

[2] "Lacy" is a pseudonym used by the State in its brief to protect the privacy of the complainant. *See* TEX. CONST. art. 1, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for [their] dignity and privacy throughout the criminal justice process"); TEX. CODE CRIM. PROC. ANN. art. 58.105 (generally prohibiting the disclosure of "identifying information of a victim younger than 17 years of age").

2

had been raped, but she did not provide the counselor with any specifics about the incident. The counselor reported the incident to law enforcement, and Lacy was taken to Patsy's House for a forensic interview with Mary Royal. There, Lacy gave Royal a detailed account, accusing appellant of committing various forms of sexual abuse against her over the course of several years.

At the time of trial, Royal was unable to appear in court due to on-going medical issues, and the State offered Detective John Ricketts as its outcry witness instead. Like other child advocacy centers, Patsy's House records its forensic interviews. Detective Ricketts explained that he watched a live video feed of Lacy's interview on a closed-circuit television in an adjoining room. During a break in the interview, Detective Ricketts also gave Royal suggestions about additional questions to ask Lacy. He confirmed that Royal and Lacy were the only people in the interview room and that Lacy made her outcry "to Mary Royal." Detective Ricketts agreed that this arrangement was intentional because a child would not feel comfortable disclosing sexual abuse "in a room full of strange people." Detective Ricketts ultimately opined that the statement Lacy gave to Royal was reliable based on the content and circumstances of the statement.

At the conclusion of the hearing, appellant's trial counsel objected to Detective Ricketts testifying as an outcry witness "pursuant to 38.072" because "[i]t has to be the first person 18 years of age or older, other than [the appellant], to whom the child or person with a disability made a statement about the offense." The State responded, "The outcry statement was the statement made in the forensic interview in the presence of

3

Mary Royal, but it was made live in the presence of Detective Ricketts and so I believe that he is a proper outcry witness." The trial court then asked appellant's trial counsel if he had any additional arguments. After counsel responded, "No, Your Honor," the trial court overruled the objection and allowed Detective Ricketts to testify as the outcry witness.

Later, when Detective Ricketts testified at trial as to what Lacy said during the interview, appellant's trial counsel objected to the testimony "as hearsay." The State responded that the testimony "falls into the outcry exception." The trial court overruled the objection and granted counsel a running objection based on hearsay.

## II.    ARTICLE 38.072

By his first issue, appellant contends that Detective Ricketts was not a proper outcry witness under Article 38.072.

## A.    Applicable Law & Standard of Review

Hearsay is an out of court statement offered at trial for the truth of the matter asserted in the statement. TEX. R. EVID. 801(d). Hearsay is generally inadmissible unless an exception applies. *Id.* R. 802. "Article 38.072 of the Texas Code of Criminal Procedure, the outcry statute, is a hearsay exception statutorily limited to live testimony of the outcry witness." *Bays v. State*, 396 S.W.3d 580, 581 (Tex. Crim. App. 2013). An outcry witness is "the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense." TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3). Stated differently, the outcry witness is "the first adult a child confides in regarding the

4

abuse." *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005).

Before admitting outcry testimony, the trial court must hold a hearing outside the presence of the jury to determine if the hearsay statement is "reliable based on the time, content, and circumstances of the statement." TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2). To qualify for the exception, "[t]he statement must be 'more than words which give a general allusion that something in the area of child abuse is going on'; it must be made in some discernable manner and is event-specific rather than person-specific." *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (quoting *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990)). Hearsay testimony from more than one outcry witness may be admissible under Article 38.072 so long as each of the witnesses testifies to a different instance of sexual abuse. *Id.* ("Hearsay testimony from more than one outcry witness may be admissible under [A]rticle 38.072 only if the witnesses testify about different events."). The testimony of a second outcry witness is not admissible, however, when the witness merely provides additional details regarding the same instance of sexual abuse. *Brown v. State*, 189 S.W.3d 382, 387 (Tex. App.—Texarkana 2006, pet. ref'd).

"A trial court has broad discretion in determining the admissibility of outcry statements pursuant to this statute, and the trial court's exercise of that discretion will not be disturbed on appeal unless a clear abuse of discretion is established by the record." *Marquez v. State*, 165 S.W.3d 741, 746 (Tex. App.—San Antonio 2005, pet. ref'd). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any

guiding rules or principles. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019).

The erroneous admission of a hearsay statement constitutes nonconstitutional error that must be disregarded unless the error affects the appellant's substantial rights. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); *see* TEX. R. APP. P. 44.2(b). An appellate court should not overturn a criminal conviction for nonconstitutional error "if the appellate court, *after examining the record as a whol*e, has fair assurance that the error did not influence the jury, or influenced the jury only slightly." *Barshaw*, 342 S.W.3d at 93 (quoting *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001)). "In cases involving the improper admission of outcry testimony, the error is harmless when the victim testifies in court to the same or similar statements that were improperly admitted or other evidence setting forth the same facts is admitted without objection." *Gibson v. State*, 595 S.W.3d 321, 327 (Tex. App.—Austin 2020, no pet.) (collecting cases).

## B. Detective Ricketts was Not a Proper Outcry Witness

Under the plain language of the statute, Detective Ricketts could not be an outcry witness because he was not "the first person, 18 years of age or older, other than the [appellant], to whom [Lacy] made a statement about the offense." *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3). Instead, based on the State's own representations, that person was Royal. Detective Ricketts, for his part, "was an unobserved eavesdropper to that outcry." *See Crump v. State*, No. 02-24-00063-CR, 2025 WL 18288, at *2 (Tex. App.—Fort Worth Jan. 2, 2025, pet. ref'd) (mem. op., not designated for publication) (transferring court assuming without deciding that another police officer was not a proper

6

outcry witness under the same circumstances). The State was therefore limited to introducing Lacy's outcry statement "through" Royal's live testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(1)(B); *Bays*, 396 S.W.3d at 581.

Moreover, no statutory exception exists that would allow the State to introduce Lacy's outcry by an alternative means based on Royal's unavailability. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. Indeed, the Texas Court of Criminal Appeals has rejected attempts to introduce an outcry statement by methods other than the live testimony of the outcry witness. *See Bays*, 396 S.W.3d at 582 ("The child-complainant's own videotaped statement does not meet the requirements for being admitted under that statute."); *Sanchez v. State*, 354 S.W.3d 476, 489 (Tex. Crim. App. 2011) ("Because an Article 38.072 hearing provides a defendant with an inadequate opportunity to cross-examine an outcry witness's credibility, admitting testimony from an Article 38.072 hearing at a trial when the witness is unavailable violates the Sixth Amendment."). This Court recently concluded that, where the forensic examiner who conducted the child's interview was unavailable to testify, another forensic examiner who merely watched a video recording of the interview did not qualify as an outcry witness. *Rodriguez v. State*, 689 S.W.3d 386, 394 (Tex. App.—Corpus Christi–Edinburg 2024, pet. ref'd). Within the confines of the statute, we see no meaningful distinction between a person who watches a recording of an outcry and a person who watches a live video feed of an outcry on a closed-circuit television.

The State argues that Article 38.072 provides "flexibility concerning who may

7

testify about the statement." On the contrary, the high court has interpreted "the statute to mean that the outcry witness *must be* the first person, 18 years old or older, to whom the child makes a statement that in some discernable manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (emphasis added). In Detective Ricketts' own words, Lacy made her outcry "to Mary Royal." Lacy did not "confide in" Detective Ricketts, as the statute envisions. *See Martinez*, 178 S.W.3d at 811. Yet, the State insists that, because Detective Ricketts surreptitiously watched the interview in real time, "Lacy made her outcry 'to' Detective Ricketts . . . [regardless of] whether she knew it or not." But the Texas Court of Criminal Appeals has emphasized that Article 38.072 is a "carefully limited" exception to the general hearsay rule with "stringent procedural requirements." *See id.*; *Bays*, 396 S.W.3d at 591. And "[w]here the statute is clear and unambiguous[,] the Legislature must be understood to mean what it has expressed, and it is not for the courts to add [to] or subtract from such a statute." *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991) (quoting *Ex parte Davis*, 412 S.W.2d 46, 52 (Tex. Crim. App. 1967)). Under a plain reading of the statute, the person "to whom" Lacy made the statement was Royal. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3). Therefore, we agree with appellant that the trial court abused its discretion by allowing Detective Ricketts to testify as an outcry witness.

## C.  Harmless Error

Nevertheless, having reviewed the entire record, we also conclude that any error in admitting Detective Ricketts's outcry testimony was harmless because Lacy provided

the same or similar testimony without objection. *See Gibson*, 595 S.W.3d at 327. In fact, Lacy provided the most detailed account of each offense, and her testimony alone was enough to render the error harmless. *See West v. State*, 121 S.W.3d 95, 105 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding that error in admitting outcry testimony did not influence jury's verdict or had but a slight effect because complainant provided detailed testimony relating to the offense). In other words, Detective Ricketts did not testify about any essential fact that was not also provided through Lacy's more comprehensive testimony. On this record, we have fair assurance that any error in admitting Detective Ricketts's outcry testimony did not have a substantial and injurious effect on the jury's verdict. *See Barshaw*, 342 S.W.3d at 93. Appellant's first issue is thus overruled.

### III. CONFRONTATION CLAUSE

Finally, appellant complains that his right to confront his accusers under the Sixth Amendment was violated because he was unable to cross-examine Royal about the interview. *See* U.S. CONST. amend. VI. As a preliminary matter, the State argues that appellant failed to preserve this complaint.

Generally, to preserve error, a party must present to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. TEX. R. APP. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). Likewise, under

9

Rule 103 of the Texas Rules of Evidence, error may not be predicated upon a ruling which admits or excludes evidence unless a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. TEX. R. EVID. 103(a)(1). "Confrontation Clause claims are subject to this preservation requirement." *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (citing *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009)); *Gourley v. State*, 710 S.W.3d 368, 373 (Tex. App.—Fort Worth 2025, pet. ref'd); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd) ("We conclude the right of confrontation is a forfeitable right—not a waivable-only right—and must be preserved by a timely and specific objection at trial.").

"The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). It is particularly important for the trial court to appreciate that a constitutional challenge is being made "because it can have such heavy implications on appeal." *Id.* at 340 (agreeing "that the trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal" (citing TEX. R. APP. P. 44.2(a), (b))).

Having reviewed trial counsel's objections—both at the conclusion of the pretrial hearing and at the time of Detective Ricketts's trial testimony—we conclude that appellant did not preserve his constitutional claim. Objecting to evidence based on a statute or rule

of evidence is generally considered legally distinct from objecting to the same evidence on constitutional grounds. *See, e.g.*, *Resendez v. State*, 306 S.W.3d 308, 315 (Tex. Crim. App. 2009) ("The statutory argument at issue in this case, the violation of Article 38.22, Section 3(a)(2), is legally distinct from the constitutional argument."); *Sanchez*, 354 S.W.3d at 486 ("While Rule 804(b)(1) and the Sixth Amendment may be similar in theme, they are jurisprudentially distinct in both scope and consequence."). The same is true here.

Counsel's initial objection centered solely on the operation of Article 38.072 and whether Detective Ricketts qualified as an outcry witness under the statute. Such an objection does not preserve a complaint on confrontation grounds. *See Bargas v. State*, 252 S.W.3d 876, 895 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Though appellant objected to Bohannan as an outcry witness, he failed to voice any objection under the Confrontation Clause, and, therefore, waived this argument."); *see also Spikes v. State*, No. 01-09-00410-CR, 2011 WL 494729, at *8 (Tex. App.—Houston [1st Dist.] Feb. 10, 2011, no pet.) (mem. op., not designated for publication) (objection that another person was the proper outcry witness did not preserve claim under the Confrontation Clause); *Cox v. State*, No. 12-03-00384-CR, 2005 WL 2035863, at *2 (Tex. App.—Tyler Aug. 24, 2005, no pet.) (mem. op., not designated for publication) (objection "that the grandmother was not a proper outcry witness" did not preserve claim under the Confrontation Clause).

Additionally, there are no "statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to [also] be" about the

11

Confrontation Clause. *See Sanchez*, 354 S.W.3d at 339. After counsel objected "pursuant to 38.072," the State responded in kind by addressing the statutory requirements. Counsel then declined the trial court's invitation to make additional arguments, and the trial court overruled the only objection presented to it—one based on Article 38.072.

Counsel couched his latter objection more generally "as hearsay." Hearsay and the right to confrontation "are distinct objections" that raise different legal questions. *Ford v. State*, 179 S.W.3d 203, 207 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004)). They are also "governed by different standards of review." *Infante v. State*, 404 S.W.3d 656, 662 (Tex. App.— Houston [1st Dist.] 2012, no pet.) (citing *Wall v. State*, 184 S.W.3d 730, 742–43 (Tex. Crim. App. 2006)). Naturally, this means that a general hearsay objection "does not preserve error on Confrontation Clause grounds." *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (explaining that counsel's "arguments about hearsay did not put the trial judge on notice that he was making a Confrontation Clause argument"); *Mitchell v. State*, 238 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) ("Appellant's hearsay objection did not preserve error on his [C]onfrontation [C]lause and due process claims.").

We conclude that appellant did not expressly or implicitly raise a Confrontation Clause objection in the trial court. Accordingly, we decline to address it for the first time on appeal.[3] *See* TEX. R. APP. P. 33.1(a)(1); *Montelongo*, 623 S.W.3d at 822. Appellant's

---

[3] We note that, even if appellant had preserved this claim, it lacks merit. The Confrontation Clause is triggered by "the introduction of testimonial statements by a nontestifying witness." *Ohio v. Clark*, 576

12

second issue is overruled.

## IV.  CONCLUSION

We affirm the trial court's judgments.

JENNY CRON
Justice

Publish
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
3rd day of July, 2025.

---

U.S. 237, 243 (2015). Such statements are prohibited "unless the witness is 'unavailable to testify, and the defendant [was given] a prior opportunity for cross-examination.'" *Id.* (quoting *Crawford v. Washington*, 541 U.S. 36, 54 (2004)). Assuming that Lacy's outcry was testimonial, appellant cannot show a violation of the Confrontation Clause because Lacy testified at trial. *See Crawford*, 541 U.S. at 59 n.9 ("When the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."); *Buckley v. State*, 786 S.W.2d 357, 359 (Tex. Crim. App. 1990) (rejecting facial challenge to Article 38.072 on Confrontation Clause grounds because the statute ensures that the child who made the outcry is subject to cross-examination). Appellant's attempt to latch the Confrontation Clause onto his inability to confront and cross-examine Royal is unavailing because Detective Ricketts was introducing the out-of-court statement of Lacy—not Royal. And although Detective Ricketts was not a proper outcry witness under Article 38.072, he was nevertheless the witness who offered Lacy's outcry and was also cross-examined at trial. Therefore, appellant was not denied any right "to be confronted with the witnesses against him." *See* U.S. CONST. amend. VI.

13