Gerald Wayne HILL, Appellant,

v.

The STATE of Texas, State.

No. 2–92–141–CR.

Court of Appeals of Texas,
Fort Worth.

May 5, 1993.

Joseph F. Zellmer, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Charles M. Mallin, Assts., Lynn Allison, Malena Calderon and Renee Harris, Fort Worth, for State.

Before FARRIS and HICKS, JJ., and HARRY HOPKINS, J. (Retired), Sitting by Assignment.

## OPINION

FARRIS, Justice.

The appellant, Gerald Wayne Hill, was convicted of aggravated sexual assault of a child younger than 14 years of age and of indecency with a child. On appeal he challenges several trial court rulings admitting evidence and the sufficiency of the evidence to support the finding of guilt on the indecency with a child charge. We sustain Hill's first four points concerning admitted evidence of extraneous offenses because it was not admissible under TEX.R.CRIM.EVID. 404(b); we overrule his fifth point because the evidence concerning the incident charged in the indictment was sufficient to support his conviction of indecency with a child; and we reverse the trial court's judgment.

In two counts, Hill's indictment alleged he sexually assaulted his ten-year-old stepdaughter, B.K., and engaged in sexual contact with her to arouse and gratify his sexual desire. Both offenses were alleged to have occurred on the same date and the jury found Hill guilty of both and assessed his punishment as twenty-five years imprisonment.

■ In his first four points, Hill complains the trial court erred in admitting B.K.'s testimony concerning uncharged extraneous offenses that occurred between Hill and B.K., because it was inadmissible under Texas Rules of Criminal Evidence 403 and 404(b). Hill challenges testimony that: (1) he placed his penis on a towel while he and B.K. sat in the front room; (2) he had B.K. lie on top of him as he lay on the bed; (3) he told B.K. to put on some adult black panties and he tried to penetrate her with his penis; and (4) he rubbed B.K.'s genitals and penetrated her with his fingers.

■ Although Hill failed to preserve error on his Rule 403 objection by raising it at trial, he did lodge a Rule 404(b) complaint, and therefore, it was incumbent upon the State to demonstrate that the evidence of extraneous offenses had relevance apart from its tendency to prove Hill's character to show he acted in conformity therewith. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Crim.App.1990) (opinion on reh'g). Relying on *Boutwell v. State*, 719 S.W.2d 164, 175 (Tex.Crim.App. 1985), which no longer has any legal force independent of Rule 404(b), the State erroneously argued the testimony was admissible under the "standard that the Texas courts have generally used in allowing extraneous sexual misconduct between the Defendant and the child who is the victim of the offense." *See Vernon v. State*, 841 S.W.2d 407, 411 (Tex.Crim.App.1992).

The State also argued the evidence of extraneous offenses was admissible to rebut Hill's challenge to B.K.'s other testimony. We reject this argument because the testimony concerning the extraneous offenses was subject to the same challenge as the testimony concerning the indicted offense, and therefore, could not rebut a challenge to the credibility of testimony concerning that offense.

■ Additionally, the State argued the testimony was admissible to establish Hill's intent to arouse and gratify his sexual desire, an element of the indecency with a child charge. Because those who commit multiple discrete assaults against the same victim, are liable for separate prosecution and punishment for every instance of such criminal misconduct, *see Crawford v. State*, 696 S.W.2d 903, 905 (Tex.Crim.App. 1985), and because the testimony concerning the incident charged in the indictment, that Hill caused B.K.'s sex organ to come into contact with his mouth, was sufficient to establish the intent required under counts one and two, the trial court erred in

admitting evidence of the extraneous offenses.

Trial court error requires reversal of the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2). Because the evidence of the four extraneous acts served no other purpose than as proof of Hill's bad character and that the alleged offense was consistent therewith, we cannot say it did not contribute to his conviction. Hill's first four points are sustained.

In his fifth point, Hill complains the evidence was insufficient to support the finding of guilt in regard to the second count, indecency with a child.

In determining whether the evidence is sufficient, the standard of review is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 573 (1979). The elements of the offense charged in count two are the accused: (1) knowingly or intentionally; (2) engaged in sexual contact; (3) with a child; (4) younger than seventeen years of age; (5) who was not the spouse of the accused. *Guia v. State*, 723 S.W.2d 763, 765 (Tex.

App.—Dallas 1986, pet. ref'd); TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon 1989). Sexual contact is defined as, "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." TEX.PENAL CODE ANN. § 21.01(2) (Vernon 1989).

Considering only the incident charged in the indictment, the evidence was sufficient to support a finding on each element of the second count. The requisite mental state for indecency with a child, element one, can be inferred from B.K.'s testimony. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App. [Panel Op.] 1981). B.K.'s testimony that Hill put his mouth on her private, she was ten years old at the time of trial and the incident occurred before that time, established the second, third and fourth elements. The testimony of B.K.'s mother that the child was not Hill's spouse established the last element. Hill's fifth point is overruled.

The trial court's judgment is reversed and the case is remanded for a new trial.