**Donald Leo NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–92–00339–CR.

Court of Appeals of Texas,
El Paso.

Feb. 9, 1995.

John W. Cliff, Jr., Smith & Cliff, P.C., Odessa, for appellant.

John W. Smith, Dist. Atty., Odessa, for State.

Before McCLURE, CHEW and MILLER (Sitting by Assignment), JJ.

*OPINION*

McCLURE, Justice.

Donald Leo Nelson appeals his convictions for aggravated sexual assault and indecency with a child.[1] A jury found Appellant guilty of both offenses and assessed his punishment at forty years' imprisonment for the aggravated sexual assault offense, and ten years' imprisonment for the indecency with a child offense. We affirm.

## HEARSAY OBJECTION

In his first point of error, Appellant contends that the trial court erred in admitting hearsay testimony through Claudia Burnett concerning statements to her by K.B., Appellant's four-year-old daughter. He argues that the evidence is inadmissible hearsay which does not fall within any of the exceptions found in TEX.R.CRIM.EVID. 803. In December of 1990, Appellant's six-year-old daughter, D.N., told a Department of Human Services caseworker that Appellant had sexually abused her. Based upon that allegation and other indications of serious neglect, all four of Appellant's children were removed from the home and placed in foster care. At the time of trial, both K.B. and D.N. lived with Burnett in foster care.

Burnett testified that in June of 1991, she observed K.B. masturbating. Later that same evening, she asked K.B. if she knew what she was doing, and K.B. replied that she was playing with herself. Appellant made a hearsay objection to this testimony and further argued that any testimony by the witness that K.B. learned this behavior from Appellant or that Appellant had touched K.B. in a similar fashion would also be hearsay. At the bench and out of the hearing of the jury, the trial court determined that the State had identified Burnett as the outcry witness, and after Appellant stipulated that the State had so identified Burnett, overruled the objection without conducting any further hearing. Burnett went on to testify in more detail about her conversation with the child,

1. Count One of the indictment charged that Appellant intentionally and knowingly penetrated with his finger the female sexual organ of D.N., a child less than fourteen years of age. Count Two of the indictment alleged that Appellant intentionally and knowingly touched the female sexual organ of K.B., a child less than fourteen years of age, with intent to arouse or gratify his sexual desires.

and said that when she asked K.B. whether anyone had ever done this to her, she replied, "My dad." Appellant reurged his hearsay objection when Burnett testified that K.B. told her that "my daddy did it faster." Appellant elicited from Burnett on cross-examination that her testimony concerned the charged offense.

The State, conceding that the testimony was hearsay, contends that the trial court did not err in admitting Burnett's testimony because it is admissible hearsay under Article 38.072 of the Code of Criminal Procedure. TEX.R.CRIM.EVID. 801(d); TEX.CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp. 1994). Hearsay is not admissible except as provided by statute or by the Rules of Criminal Evidence. TEX.R.CRIM.EVID. 802; *Long v. State*, 800 S.W.2d 545, 547 (Tex.Crim.App. 1990). Article 38.072 specifically provides a statutory exception which allows the State to introduce testimony which would otherwise be inadmissible as hearsay. *Long*, 800 S.W.2d at 547. However, the burden is upon the State as the proponent of the hearsay evidence to establish compliance with the mandatory provisions of Article 38.072 in order for the testimony to be rendered admissible. *See Long*, 800 S.W.2d at 547; *Villalon v. State*, 791 S.W.2d 130, 135–36 (Tex.Crim. App.1990).

As a first requirement, Article 38.072 applies only to certain categories of offenses, including indecency with a child and other sexual offenses under Chapter 21 of the Penal Code, when the offense is committed against a child who is twelve years of age or younger. TEX.CODE CRIM.PROC.ANN. art. 38.072, § 1. Second, the statute applies only to the victim's statements which describe the alleged offense and which were made to the first person over the age of eighteen, other than the defendant. TEX.CODE CRIM.PROC. ANN. art. 38.072, § 2(a). As a further predicate for admission, Section 2 provides:

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or at any other manner provided by law.

TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2(b).

First, we find Appellant's general hearsay objection sufficient to preserve his complaint that the proffered testimony was inadmissible hearsay. *See Lankston v. State*, 827 S.W.2d 907, 910–11 (Tex.Crim.App.1992); *Long*, 800 S.W.2d at 546–47. Second, Article 38.072 is applicable since Appellant's conviction was obtained pursuant to Section 21.11 of the Penal Code and K.B. was four years old at the time of the charged offense. *See* TEX.CODE CRIM.PROC.ANN. art. 38.072, § 1(1). In order for Burnett's testimony to be admissible over Appellant's hearsay objection, the State was required to establish compliance with Article 38.072, Section 2.

Turning our attention first to Section 2(a), the record adequately supports a finding that the statements attributed to K.B. describe the alleged offense and were made to the first person over the age of eighteen, other than the defendant. TEX.CODE CRIM.PROC. ANN. art. 38.072, § 2(a)(1), (2). With regard to the predicate found in Section 2(b), the State contends that Appellant stipulated that the notice required by Section 2(b)(1)(A), (B), and (C) had been given. We do not find that the stipulation establishes all of those requirements. Our review of the record reveals that when Appellant first raised his hearsay objection, the trial judge asked the prosecutor whether he had identified Burnett as "the first adult," apparently referring to Article 38.072, Section 2(a)(2). The prosecutor answered in the affirmative, and Appel-

lant immediately made the following statements:

> [Appellant's Counsel]: Yes, sir. We will stipulate that he has identified her as a witness. But what we are saying is that this was in June of 1982, and we don't think it has any relevance, the fact that she was masturbating does not happen. What our fear is that she will start saying something about, this is what daddy taught me, or this is what daddy did and he showed me how to do it. That would be the hearsay that we are concerned about.

Given the context in which the discussion occurred, we agree that Appellant stipulated that the State had identified Burnett as the outcry witness. However, he did not stipulate that the notice had been given fourteen days in advance of trial or that he had been provided with a written summary of the statement. In the absence of a stipulation establishing those facts or a copy of the notice provided to Appellant in the record, we are unable to conclude that all of the notice requirements were met.

The State admits that no hearing was held as required by Article 38.072, Section 2(b)(2), but contends that the burden was upon Appellant to obtain that hearing. We disagree. Once Appellant raised his hearsay objection, the State had the burden to satisfy each element of the Article 38.072 predicate for admission of Burnett's testimony. *Long,* 800 S.W.2d at 547; *Villalon,* 791 S.W.2d at 135–36. Thus, it was the State's obligation to request that the hearing be held. In light of the State's failure to comply with the notice and hearing requirements, the trial court erred in admitting the testimony.

### *HARMLESS ERROR ANALYSIS*

■ Having found that the trial court erred in failing to sustain Appellant's hearsay objection, we must examine whether the error was harmless. Tex.R.App.P. 81(b)(2). In making this determination, we consider the following factors: (1) the source of the error;

(2) the nature of the error; (3) whether or to what extent it was emphasized by the State and its probable collateral implications; (4) the weight a juror would probably place on the error; and (5) whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App.1989); *Norman v. State,* 862 S.W.2d 621, 624 (Tex. App.—Tyler 1993, pet. ref'd); *Lankston v. State,* 841 S.W.2d 943, 944 (Tex.App.—Waco 1992, pet. ref'd). In considering these factors, this Court should be concerned with the integrity of the process leading up to the conviction, not the propriety of the outcome of the case. *Harris,* 790 S.W.2d at 587–88. After analyzing the above-listed factors, we must then determine whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Harris,* 790 S.W.2d at 587; *Norman,* 862 S.W.2d at 624; *Lankston,* 841 S.W.2d at 944.

■ With regard to the first factor, the asserted error arose from the State's failure to establish compliance with the notice and hearing requirements of Article 38.072. In reviewing the second factor, that is, the nature of the error, we must examine whether the State intended to taint the trial in offering inadmissible evidence. *Higginbotham v. State,* 807 S.W.2d 732, 735 (Tex.Crim.App. 1991); *Norman,* 862 S.W.2d at 624. Given the fact that the State gave Appellant some notice of its intention to use Burnett's testimony, and Appellant raised no complaint with regard to lack of notice or surprise, we are unable to conclude that the State intended to taint the trial by offering the testimony.[2]

■ In considering the first prong of the third factor, we note that the State did not emphasize Burnett's testimony. As was the case in *Norman,* Burnett's testimony was brief and to the point. *Norman,* 862 S.W.2d at 624. Our review of the State's closing arguments reflects that Burnett's testimony was only briefly mentioned by the State. In considering the second prong of the third

---

2. In a case which pre-dates *Harris,* the Fourteenth Court of Appeals held that the purpose of the notice and hearing requirements is to prevent surprise to the defendant's counsel, and that any failure to meet these portions of the predicate is harmless if there is no showing of surprise. *See Fetterolf v. State,* 782 S.W.2d 927, 931 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd).

factor, namely, the possible collateral implications of this evidence, we should examine whether it disparaged a sole defense and its impact on sentencing. *See Higginbotham,* 807 S.W.2d at 737; *Norman,* 862 S.W.2d at 624. We find that the error had minimal collateral implications since Burnett's testimony was not the only evidence of K.B.'s assault by Appellant. *See Norman,* 862 S.W.2d at 624–25. K.B. testified, while using an anatomically correct doll for illustration, that Appellant touched her in "the front" with his finger for a long time and that it hurt. There is no evidence that the admission of this testimony which merely corroborated the complainant's testimony, had any impact on Appellant's sentence. The jury, as it had done in assessing punishment in the aggravated sexual assault offense, set Appellant's punishment in the middle of the available range of punishment.

With regard to the fourth factor, Appellant conducted no cross-examination of K.B. and made no attempt to otherwise attack her credibility, so it is unlikely that the jury assigned an undue amount of weight to Burnett's testimony. In considering the fifth factor, we find that declaring the error harmless would not encourage the State to repeat it with impunity since it is obvious that our holding is limited to the facts in this case. Under different circumstances, the same error might not be found harmless. Turning our attention to the final determination required in the *Harris* analysis, we are unable to conclude that a rational trier of fact would have reached a different result if the outcry testimony had not been admitted. Having found the error harmless, Appellant's first point of error is overruled.

## SUFFICIENCY OF THE EVIDENCE

 In his second point of error, Appellant contends that when the evidence complained of in Point of Error No. One is excluded from our review, the evidence is insufficient to show that he acted with intent to arouse or gratify his sexual desires. Appellant relies on the reasonable hypothesis construct condemned in *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). Appel-

lant's contentions ignore the proper standard of review.

 First, Appellant's argument that we must exclude from our review the hearsay complained of in Point of Error No. One overlooks the well-established principle that in assessing the sufficiency of the evidence to support a conviction, a reviewing court must consider all evidence which the jury was permitted, whether rightly or wrongly, to consider. *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App.1993); *Beltran v. State,* 728 S.W.2d 382, 389 (Tex.Crim.App.1987); *Porier v. State,* 662 S.W.2d 602, 605–06 (Tex. Crim.App.1984). In reviewing the sufficiency of the evidence to support a criminal conviction, we must review *all* the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Geesa,* 820 S.W.2d at 154. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. The standard of review is the same for both direct evidence and circumstantial evidence cases. *Geesa,* 820 S.W.2d at 158. Second, we will not apply the reasonable hypothesis construct since the trial of this cause occurred well after the decision in *Geesa. See Geesa,* 820 S.W.2d at 163–65.

The evidence, when viewed in the light most favorable to the verdict, reflects that K.B., who was five-years-old at the time of trial, testified with the aid of an anatomically correct doll that she knew the difference between a "good touch" and a "bad touch." She said that if someone hugged the doll it would be a "good touch," but that it someone touched the doll on its bottom, it would be a "bad touch." She stated that she "went to the restroom" or "tee-teed" out of the front and that it would be a "bad touch" if someone touched her there. Pointing to the doll, K.B. then testified that Appellant gave her a bad

touch "right here."[3] She told the jury that Appellant touched her for a long time and that it hurt. She said that both she and Appellant were clothed when this occurred. As discussed in Point of Error No. One, Burnett testified that she questioned K.B. after finding her masturbating, and K.B. told her that Appellant had touched her in the same manner, but that he had done it faster. Burnett's testimony concerned the charged offense.

■ The State was required to establish that Appellant touched K.B.'s female sexual organ with the intent to arouse or gratify his sexual desires. TEX.PENAL CODE ANN. § 21.01(2), § 21.11 (Vernon 1994). The requisite specific intent can be inferred from the defendant's conduct, his remarks, and all the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App. 1981); *Fetterolf*, 782 S.W.2d at 933. We find that a rational trier of fact could infer from the evidence that Appellant acted with the requisite intent. *See Gottlich v. State*, 822 S.W.2d 734, 741 (Tex.App.—Fort Worth 1992, pet. ref'd) (evidence that defendant placed his hand inside panties of complainant and played with her "private" was sufficient to support a finding of intent to arouse or gratify); *see also Hill v. State*, 852 S.W.2d 769, 771 (Tex.App.—Fort Worth 1993, pet. ref'd) (evidence that defendant placed his mouth on complainant's sexual organ was sufficient to support a finding that he acted with intent to arouse or gratify his sexual desires); *Fetterolf*, 782 S.W.2d 927 (testimony that defendant circled complainant's breast with his hand was sufficient to support a finding of intent to arouse or gratify). Point of Error No. Two is overruled.

Having overruled Points of Error Nos. One and Two, the judgment of the trial court is affirmed. ·

---

**3.** We find it appropriate to remind trial attorneys that the record does not reflect physical actions in the courtroom unless the attorneys cause it to do so. In this instance, the testimony is not as clear as it could have been because the prosecutor did not cause the record to reflect to what area on the doll he and K.B. pointed as she testified.