Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00112-CR 

                                                     __________

 

                                JESSIE
MARTINEZ CRUZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,509-A

 



 

                                                                   O P I N I O N 

The jury convicted Jessie Martinez Cruz of
indecency with a child.  The jury
assessed punishment at eighteen years confinement and a $5,000 fine, and the
trial court sentenced appellant accordingly. 
We affirm.  

                                                             The
Charged Offense 








Tex. Pen.
Code Ann. '
21.11(a)(1) (Vernon 2003) provides that a person commits the offense of indecency
with a child by engaging in sexual contact with a child.  Tex.  Pen. Code Ann. '
21.11(c)(1) (Vernon 2003) defines Asexual
contact@ as any
touching, including touching through clothing, by a person of the breast of a
child with the intent to arouse or gratify the sexual desire of any
person.  The indictment alleged that, on
or about December 13, 2003, appellant intentionally and knowingly engaged in
sexual contact with K. J., a child younger than 17 years of age and not the
spouse of appellant, by touching her breast with his hand with the intent to
arouse and gratify his sexual desire.

                                                                 Issues
on Appeal

In two appellate issues, appellant contends that
the evidence was legally and factually insufficient to prove that he intended
to arouse or gratify a sexual desire.  We
affirm.

                                                              Standards
of Review

In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004); Ross v. State, 133 S.W.3d 618
(Tex. Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).  The jury is the sole judge of the weight and
credibility of the witnesses=
testimony, and due deference must be given to the jury=s
determination.  Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 1981),
art. 38.04 (Vernon 1979); Johnson, 23 S.W.3d at 8-9.

                                                                   The
Evidence








On December 13, 2003, K. J. and her parents Ceasar
and Sylvia Gonzales and her younger brother Armondo Gonzales went to appellant=s house for a barbecue.  Appellant lived at the house with Margie
Acosta and her children Amy and Gilbert Acosta. 
Margie and Amy were present at the house on December 13, 2003; and K. J.=s cousin, David Montelongo, was also
present at the house.  Gilbert was not
present at the house.  Sylvia and Margie
went to the grocery store to get meat for the barbecue.  Ceasar and David went to another store to get
beer.  Appellant, K. J., Amy, and Armondo
remained at the house.

K. J. testified that she was twelve years old on
the date of the incident.  K. J. said
that she was sitting on a bed in Gilbert=s
room while her younger brother Armondo was outside playing.  K. J. was listening to music and watching
Armondo through a screen door in Gilbert=s
room.  Amy was watching television in the
living room.  K. J. testified that
appellant came into Gilbert=s
room and touched her breasts.  K. J.
pushed appellant=s hands
off of her, but appellant started touching her breasts again.  K. J. told appellant to stop, but appellant
touched her breasts five or six times. 
K. J. said that she was shocked and scared.  She said that appellant told her he was going
to rape her and that she was not to tell anybody.  K. J. said that appellant stopped touching
her when he saw her dad=s
vehicle approaching the house.  K. J.
also testified that appellant was not carrying anything in his hands when he
came into the room and that it was possible appellant tripped when he came into
the room.

            K. J. said that she did not tell her
mother or her father that appellant had touched her.  When she went to school the following week,
K. J. told one of her friends what had happened.  Later, Sylvia found out about the incident
and reported it to the police.  K. J.
gave a written statement to the police.

Brian Trail, a detective with the Abilene Police
Department, investigated the incident. 
Detective Trail interviewed K. J. on December 16, 2003.  He said that it was not uncommon for a victim
to wait several days to tell the police what had happened to them.  He said that K. J. was quiet, shy, and
embarrassed during the interview. 
Detective Trail spoke with appellant on the same day.  Detective Trail told appellant his rights and
told appellant that he was accused of touching appellant on her chest.  Appellant gave a written statement to
Detective Trail.  Appellant told
Detective Trail that he had tripped and that his hands had ended up on K. J.=s chest.  Appellant did not say that he had tripped as
a result of the floor in the house not being level.  Detective Trail did not believe that the
incident could have occurred in the manner that appellant described it.  Detective Trail said that he was told Amy was
in the living room when the incident occurred. 
Amy told him that she did not see anything.








Appellant testified that he came inside the house
to get the last beer in the refrigerator. 
Appellant said that he came into the house through the door in Gilbert=s room, walked through Gilbert=s room, and went into the kitchen.  Appellant said that K. J. was sitting on a
bed in Gilbert=s
room.  Appellant testified that he got
the last beer, a spatula, and some paper towels or a wash rag from the
kitchen.  Appellant said that he was
going to go back outside but that, as he was coming back through the kitchen
door, he tripped.  He said that the house
was not level in that area.  Appellant
said that he dropped everything that he was carrying so that he could break his
fall.  He said that he accidentally
grabbed K. J.=s breasts
during the fall.  Appellant testified
that he pushed himself off of K. J. and got back up.  Appellant said that, as he was walking away
from K. J., Ceasar and David were getting back to the house.  Appellant testified that he touched K. J.=s breasts by accident, that he did not
have a sexual intent when he touched K. J.=s
breasts, and that he only touched K. J.=s
breasts one time.

Appellant presented testimony from four other
witnesses that the house was not level in the area in question.  David Johnson testified that he was a
contractor in the business of house leveling and foundation repairs.  He said that the house needed leveling in the
area in question.  Margie testified that
the house was not level in the kitchen and in Gilbert=s
bedroom.  She also said that the kitchen
and Gilbert=s room
had humps in them.  Amy testified that
problems with floor conditions existed throughout the house.  Jerry Martinez, a private investigator,
testified that he stumbled when he stepped into Gilbert=s
bedroom.

Margie also testified that, on the date of the
incident, when she and Sylvia got back from the store, neither Amy nor K. J.
gave any indication that anything wrong had happened.  Amy also testified that, on the date of the
incident, she was watching television in the living room.  She said that she did not hear any yelling,
screaming, loud conversation, or anything out of the ordinary coming from
Gilbert=s room.

                                                                        Analysis








The specific intent to arouse or gratify the
sexual desire of a person as an element of the offense of indecency with a
child can be inferred from conduct, remarks, or all the surrounding
circumstances.  McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); Couchman v. State,
3 S.W.3d 155, 163 (Tex. App.CFort
Worth 1999 pet. ref=d); Nelson
v. State, 893 S.W.2d 699, 705 (Tex. App.CEl
Paso 1995, no pet.).  An oral expression
of intent is not required, and a defendant=s
conduct alone is sufficient to infer intent. 
Tyler v. State, 950 S.W.2d 787, 789 (Tex. App.CFort Worth 1997, no pet.).  The uncorroborated testimony of a child
victim is sufficient to support a conviction for indecency with a child.  Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).  K. J. testified that appellant touched her on
her breasts five or six times and told her that he was going to rape her.  Appellant testified that he only touched K.
J. on the breasts one time and that the touching was an accident.  The jury, as the sole judge of the
credibility of the witnesses and of the weight to be given their testimony, was
entitled to accept K. J.=s
testimony and to reject appellant=s
testimony.  Articles 36.13, 38.04; Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.]
1981).  The jury could have inferred
appellant=s
specific intent by his touching of K. J.=s
breasts.

We hold that the evidence was legally and
factually sufficient to prove that appellant intended to arouse or gratify a
sexual desire.  Appellant=s first and second issues are
overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.         

 

TERRY McCALL

JUSTICE

March
9, 2006

Do not
publish.  See Tex. R. App. P.  47.2(b).

Panel consists of:  Wright, C.J., and

McCall, J., and Strange,
J.