In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00031-CV


______________________________





IN THE INTEREST OF I.D.T., A CHILD





 


On Appeal from the 5th Judicial District Court


Bowie County, Texas


Trial Court No. 05C 0843-005




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 David Teague appeals from an order involving visitation with the minor child, I.D.T. In
short, the mother lives in Texarkana, Texas, and Teague lives in Conway, Arkansas, and the
modification proceeding that is the subject of this appeal concerned the method and timing used in
transferring the child from one parent to the other. (1)

 Teague raises a single point of error. He contends that 


 The trial court erred in Ordering that the paternal grandparents could not transport the
child [I.D.T.] to or from Conway (Arkansas) to Texarkana (Texas), Malvern,
(Arkansas) or Arkadelphia (Arkansas). 


Following the expression of his contention of error, under the title "Index of Authorities," the
following appears:

 The Court record is sufficient for the Honorable Justices hearing this matter to find
that the trial Court abused its discretion in ordering that the paternal grandparents are
not competent adults that may be designated to pick up and return the child.

 

 No other authorities are submitted[.] 


 For an issue to be properly before this Court, the issue must be supported by argument and
authorities and must contain appropriate citations to the record. See Tex. R. App. P. 38.1(h); Knoll
v. Neblett, 966 S.W.2d 622, 639 (Tex. App.--Houston [14th Dist.] 1998, pet. denied). 

 For an advocate to recite facts, and then state that he or she should therefore prevail--is
insufficient. When a brief contains no authority to support its argument, a point is inadequately
briefed. Bowles v. Reed, 913 S.W.2d 652, 661 (Tex. App.--Waco 1995, writ denied). Rule 38.1(h)
and its predecessor, former Rule 74(f) have consistently been found to mean that an appellant
presents the court of appeals with nothing to review when he or she fails to cite any authority for the
argument or arguments in his or her points of error. Id.; Hunter v. NCNB Tex. Nat'l Bank, 857
S.W.2d 722, 725 (Tex. App.--Houston [14th Dist.] 1993, writ denied); Malouf v. Dallas Athletic
Country Club, 837 S.W.2d 674, 678 (Tex. App.--Dallas 1992, writ dism'd w.o.j.); Essex Crane
Rental Corp. v. Striland Constr. Co., 753 S.W.2d 751, 756 (Tex. App.--Dallas 1988, writ denied). 
 An inadequately briefed issue may be waived on appeal. See Fredonia State Bank v. Gen.
Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) (discussing "longstanding rule" that point may
be waived due to inadequate briefing). Teague has intentionally declined to cite one single authority
for the argument raised in his brief. See Tex. R. App. P. 38.1(h). A point of error not adequately
supported by either argument or authorities is waived. Knoll v. Neblett, 966 S.W.2d 622, 639 (Tex.
App.--Houston [14th Dist.] 1998, pet. denied); Ralston Purina Co. v. McKendrick, 850 S.W.2d 629,
637 (Tex. App.--San Antonio 1993, writ denied); see Wright v. Greenberg, 25 S.W.3d 666, 673
(Tex. App.--Houston [14th Dist.] 1999, pet denied). Accordingly, Teague failed to preserve the
argument for appellate review. Scott-Richter v. Taffarello, 186 S.W.3d 182, 191 (Tex. App.--Fort
Worth 2006, pet. denied). (2) Because Teague offers no legal analysis and fails to cite any authority
to support his specific argument, he presents nothing for us to review on this issue. See Huey v.
Huey, 200 S.W.3d 851, 854 (Tex. App.--Dallas 2006, no pet.).

 Even if this issue were properly before us, we recognize also that the sole complaint is based
only upon the supposition that the trial court found the grandparents not to be competent adults who
could transport the child. That is not what is reflected by the order. The trial court made no such
finding on competence, and it is apparent from the record that many other familial interactions and
behavioral considerations were in play before the court when it ordered that the paternal grandparents
not transport the child.

 We affirm.





 Jack Carter

 Justice


Date Submitted: July 16, 2008

Date Decided: July 17, 2008


1. Originally, there were also issues about child support and back child support, but those were
disposed of by agreement before the hearing. 
2. We will not do the job of the advocate. Maranatha Temple, Inc. v. Enter. Prods. Co., 893
S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ denied); Most Worshipful Prince Hall
Grand Lodge, Free & Accepted Masons of Tex. & Jurisdiction v. Jackson, 732 S.W.2d 407, 412
(Tex. App.--Dallas 1987, writ ref'd n.r.e.). 


statement; and


 (C) provides the adverse party with a written summary of the
statement;


 (2) the trial court finds, in a hearing conducted outside the presence
of the jury, that the statement is reliable based on the time, content,
and circumstances of the statement; and


 (3) the child testifies or is available to testify at the proceeding in
court or in any other manner provided by law.


 The first-person communicant to which reference is made in the statute is commonly known
as an "outcry witness." By its qualification that the proper outcry witness is the "first person . . . to
whom  the  child  made  a  statement  about  the  offense"  (Tex.  Code  Crim.  Proc.  Ann.  art.
38.072, § 2(a)), there can only be one outcry witness. Often, the identity of the person who qualifies
as the outcry witness is (as in this case) the point of contention at the time of trial. (3) A person to
whom a "'statement about the offense' [is made] means more than a general allusion to sexual abuse.
It must describe the alleged offense in some discernible manner." Thomas v. State, 1 S.W.3d 138,
140-41 (Tex. App.--Texarkana 1999, no pet.).

 Once Rawls raised his hearsay objection to Salazar's testimony, the State had the burden to
satisfy each element of the Article 38.072 predicate for admission of Salazar's testimony to
demonstrate that the hearsay rule did not apply. Long, 800 S.W.2d at 547. This would include a
determination by the trial court in a hearing outside the presence of the jury that all of the
requirements of Article 38.072 had been met, including a showing that the proposed outcry witness
was the first adult to whom a rendition of the events was made in a discernible manner. Tex. Code
Crim. Proc. Ann. art. 38.072, § 2(a)(2). 

 In Rawls's case, the trial court did not conduct a formal hearing outside the presence of the
jury, the only hearing in regard to this being in the form of a bench conference. If the statutorily-required predicates are addressed, a bench conference is sufficient to meet this requirement. Zarco
v. State, 210 S.W.3d 816, 831 (Tex. App.--Houston [14th Dist.] 2006, no pet.). However, in the
bench conference held in Rawls's trial, the sole inquiry by the trial court was whether the State had
complied with the required 14-day notice requirement of Section 2(b)(1). The State did not address
the predicate that Salazar was the "first person" to whom Doe had revealed the events. It was error
to fail to conduct the hearing once the hearsay objection was raised. Nelson v. State, 893 S.W.2d
699, 703 (Tex. App.--El Paso 1995, no pet.).

 Here, the State failed to offer proof that Salazar was the proper outcry witness whose
testimony was an exception to the hearsay rule. Without having complied with the statutory
predicates, it was error to have permitted her to testify concerning Doe's statements. The objection
was properly preserved by Rawls.

 The error here was the violation of a statutory provision, not a constitutionally-guaranteed
right. Non-constitutional error must be disregarded unless it affects the substantial rights of the
defendant. Tex. R. App. P. 44.2; Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). A
substantial right is affected when the error had a substantial and injurious effect or influence in
determining the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
Improper admission of evidence is not reversible error if the same or similar evidence is admitted
without objection at another point in the trial. Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App.
1998).

 In this case, the statements made by Doe which were the subject of Salazar's testimony were
cumulative of other evidence presented to the jury. Doe herself testified and, although the testimony
was not as lengthy as the interview with Salazar, the substance was the same. Further, Ashley Jones,
a sexual assault nurse examiner, was permitted to read (with no objection) a written statement given
by Doe at the time of her examination. The content of that statement was:

My brother, Jamal Rawls, age 17, messes with me. He pulls my pants down. He
pulls his clothes off. He touches my cat. (4) He uses his hand and his private. He
touches my mouth with his private. He puts his private in my mouth. He puts his
private in my cat. He puts his private in my bottom. He stops when white stuff
come[s] out. He has done this since I was five years old.


 Since the content of the same or similar evidence to which Rawls had objected (the
statements by Doe as related by her to Salazar) was introduced multiple times during Rawls's trial,
we cannot find that Salazar's testimony had a substantial and injurious effect or influence in
determining the jury's verdict. Therefore, we find the error to be harmless and overrule this point
of error.



Improper Jury Argument Statement

 As a part of its closing argument, the State told the jury, " [Y]ou didn't hear any evidence in
this case about, you know, her being a wild 11 year old sex addict. You didn't hear any evidence like
that." Rawls promptly objected to the statement and the objection was overruled. This closing
argument statement, which Rawls characterizes as being designed merely to inflame the passions of
the jury, is the basis for Rawls's second point of error.

 "[P]roper jury argument generally falls within one of four general areas: (1) summation of
the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement." Brown v. State, 270 S.W.3d 564, 570 (Tex. Crim. App.
2008); Cannady v. State, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). Improper jury argument is
reversible error "when it violates a statute, injects new and harmful facts into the case, or is
manifestly improper, harmful, and prejudicial to the rights of the accused." Wilson v. State, 938
S.W.2d 57, 59 (Tex. Crim. App. 1996), overruled on other grounds by Motilla v. State, 78 S.W.3d
352 (Tex. Crim. App. 2002). The argument must be considered within the context in which it
appears. Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

 Putting the statement made by the State on closing into the context of the trial, we observe
that during his opening statement, Rawls's attorney told the jury that he expected Doe's mother to
testify that Doe was sexually active and that the mother had caught Doe in bed with little boys having
sex. The State raised an objection at that point and the trial court responded, "We need a hearing on
that. Right now, it's sustained." Rawls never made a proffer of that kind of evidence.

 Without delving into the morass of the admissibility of evidence which was not tendered, it
is unlikely that Rawls would have been attempting to raise a defense of promiscuity on the part of
Doe in order to exculpate himself. Even under former laws when the defense of promiscuity was
an available defense in some child sexual assault cases, it would not have been an available defense
where the alleged child victim was only eleven years of age. See Hernandez v. State, 861 S.W.2d
908, 909 (Tex. Crim. App. 1993). Accordingly, it is not credible to assume that Rawls intended at
any time to inject evidence that Doe was a "wild 11 year old sex addict."

 However, although the phraseology employed by the State in calling the attention of the jury
to the omission of an attempt to introduce promised testimony was somewhat over the top, the
statement of the State to which Rawls now objects would fit within the category of being in answer
to the argument of opposing counsel and amounted to a comment on the lack of evidence which was
promised but not delivered; it was marginally permissible as argument. We do not find it to have
been manifestly improper, harmful, and prejudicial to Rawls's rights. Therefore, the point of error
is overruled.




 We affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice

Date Submitted: October 5, 2009

Date Decided: October 16, 2009


Do Not Publish
1. Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2008). 
2. A majority of states have enacted similar hearsay exceptions for a child's out-of-court
statement about sexual abuse. See Buckley v. State, 758 S.W.2d 339, 342 (Tex. App.--Texarkana
1988), aff'd, 786 S.W.2d 357 (Tex. Crim. App. 1990). 
3. Certain things in the State's direct examination of Gregory would seem to give rise for Rawls
to believe that Gregory received sufficient detail from Doe to have been deemed the outcry witness.
The State asked Gregory to relate "without going into the specifics of what she was telling you" that
caused Gregory to be concerned about the child. 
4. The name Doe ascribes to her vagina.