In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00122-CR


______________________________




LYNTORANCE JAMAL RAWLS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 276th Judicial District Court


Marion County, Texas


Trial Court No. F13807




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Lyntorance Jamal Rawls, having been convicted by a jury of aggravated sexual assault of a
child (1) and assessed a penalty of ten years' imprisonment and a fine of $5,000.00, but placed on ten
years' community supervision contingent upon his serving 180 days in county jail as one of the
conditions, effects this appeal.

 Rawls raises two complaints on appeal, maintaining that: (1) the wrong person was allowed
to testify as the outcry witness, and (2) the State made improper comments on closing argument.

Outcry Witness Complaint

 The situation involving Rawls first came to light when his eleven-year-old sister, Jane Doe
#215, sat on the floor of her fourth-grade classroom, wept, and refused to leave school at the
termination of the school day. When her teacher, Chrystal Gregory, inquired of Doe to determine
the reasons for this unusual behavior, Doe responded that her brother had hurt her, that he had pulled
down her pants and did something he was not supposed to do, that he had gotten on top of her, and
that she did not want to go to the place where Rawls would be. 

 Gregory reported this revelation to representatives of the Texas Department of Family and
Protective Services, who arranged for the child to meet with Kashila Salazar, then the program
director for the Gregg County Child Advocacy Center in Longview, Texas. Salazar conducted a
forensic interview of the child. During that interview, Doe related that during an incident at her
mother's house, Rawls had, among other things, pulled off Doe's pants and panties, inserted his penis
into her vagina and her anus, and put his penis into her mouth. Doe further intimated that some of
these things had occurred numerous times, beginning when she was about five years old.

 Rawls lodged no objection to the testimony of Gregory, but as the testimony of Salazar
progressed beyond her qualifications as an expert toward a recounting of the statements made by Doe
to Salazar in a formal forensic interview, Rawls objected. The basis of Rawl's objection was that
Gregory (not Rawls) was the only person who could qualify as an outcry witness. The trial court's
failure to sustain the objection is the object of the primary point of appeal Rawls now raises. 

 By way of explanation, hearsay is an out-of-court statement made by someone other than the
testifying witness that is offered into evidence to prove the truth of the matter asserted. Tex. R.
Evid. 801(d); Long v. State, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). A "matter asserted"
includes any matter expressly asserted and any matter implied by a statement if the probative value
of the statement, as offered, stems from the declarant's belief as to the matter. Tex. R. Evid. 801(c).
The statements made by Doe during the interview meets the definition of hearsay. See Dunn v. State,
125 S.W.3d 610 (Tex. App.--Texarkana 2003, no pet.). Hearsay is not admissible except as
provided by statute or the rules of evidence. Tex. R. Evid. 802. In order for hearsay to be
admissible, it must fit into an exception to the hearsay proscription which is provided either by
statute or the rules of evidence. Tex. R. Evid. 802; Long, 800 S.W.2d at 547. 

 Plainly, an out-of-court statement made by an alleged victim of an assault to a third person
(if presented for the truth of the statement) is hearsay. The Legislature recognized the difficulties
inherent in obtaining coherent testimony from victims concerning certain crimes against them and
enacted Article 38.072 of the Texas Code of Criminal Procedure as an exception to the hearsay rule. (2) 
Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2005). That statute applies to alleged child
victims of certain sexually assaultive crimes who are twelve years old or younger. Section 2 of
Article 38.072 lays certain predicates to the introduction of such testimony: 

Sec. 2. (a) This article applies only to statements that describe the alleged offense
that:

 (1) were made by the child against whom the offense was allegedly
committed; and

 (2) were made to the first person, 18 years of age or older, other than
the defendant, to whom the child made a statement about the offense.


 (b) A statement that meets the requirements of Subsection (a) of this article
is not inadmissible because of the hearsay rule if:


 (1) on or before the 14th day before the date the proceeding begins,
the party intending to offer the statement:


 (A) notifies the adverse party of its intention to do so;


 (B) provides the adverse party with the name of the witness
through whom it intends to offer the statement; and


 (C) provides the adverse party with a written summary of the
statement;


 (2) the trial court finds, in a hearing conducted outside the presence
of the jury, that the statement is reliable based on the time, content,
and circumstances of the statement; and


 (3) the child testifies or is available to testify at the proceeding in
court or in any other manner provided by law.


 The first-person communicant to which reference is made in the statute is commonly known
as an "outcry witness." By its qualification that the proper outcry witness is the "first person . . . to
whom  the  child  made  a  statement  about  the  offense"  (Tex.  Code  Crim.  Proc.  Ann.  art.
38.072, § 2(a)), there can only be one outcry witness. Often, the identity of the person who qualifies
as the outcry witness is (as in this case) the point of contention at the time of trial. (3) A person to
whom a "'statement about the offense' [is made] means more than a general allusion to sexual abuse.
It must describe the alleged offense in some discernible manner." Thomas v. State, 1 S.W.3d 138,
140-41 (Tex. App.--Texarkana 1999, no pet.).

 Once Rawls raised his hearsay objection to Salazar's testimony, the State had the burden to
satisfy each element of the Article 38.072 predicate for admission of Salazar's testimony to
demonstrate that the hearsay rule did not apply. Long, 800 S.W.2d at 547. This would include a
determination by the trial court in a hearing outside the presence of the jury that all of the
requirements of Article 38.072 had been met, including a showing that the proposed outcry witness
was the first adult to whom a rendition of the events was made in a discernible manner. Tex. Code
Crim. Proc. Ann. art. 38.072, § 2(a)(2). 

 In Rawls's case, the trial court did not conduct a formal hearing outside the presence of the
jury, the only hearing in regard to this being in the form of a bench conference. If the statutorily-required predicates are addressed, a bench conference is sufficient to meet this requirement. Zarco
v. State, 210 S.W.3d 816, 831 (Tex. App.--Houston [14th Dist.] 2006, no pet.). However, in the
bench conference held in Rawls's trial, the sole inquiry by the trial court was whether the State had
complied with the required 14-day notice requirement of Section 2(b)(1). The State did not address
the predicate that Salazar was the "first person" to whom Doe had revealed the events. It was error
to fail to conduct the hearing once the hearsay objection was raised. Nelson v. State, 893 S.W.2d
699, 703 (Tex. App.--El Paso 1995, no pet.).

 Here, the State failed to offer proof that Salazar was the proper outcry witness whose
testimony was an exception to the hearsay rule. Without having complied with the statutory
predicates, it was error to have permitted her to testify concerning Doe's statements. The objection
was properly preserved by Rawls.

 The error here was the violation of a statutory provision, not a constitutionally-guaranteed
right. Non-constitutional error must be disregarded unless it affects the substantial rights of the
defendant. Tex. R. App. P. 44.2; Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). A
substantial right is affected when the error had a substantial and injurious effect or influence in
determining the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
Improper admission of evidence is not reversible error if the same or similar evidence is admitted
without objection at another point in the trial. Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App.
1998).

 In this case, the statements made by Doe which were the subject of Salazar's testimony were
cumulative of other evidence presented to the jury. Doe herself testified and, although the testimony
was not as lengthy as the interview with Salazar, the substance was the same. Further, Ashley Jones,
a sexual assault nurse examiner, was permitted to read (with no objection) a written statement given
by Doe at the time of her examination. The content of that statement was:

My brother, Jamal Rawls, age 17, messes with me. He pulls my pants down. He
pulls his clothes off. He touches my cat. (4) He uses his hand and his private. He
touches my mouth with his private. He puts his private in my mouth. He puts his
private in my cat. He puts his private in my bottom. He stops when white stuff
come[s] out. He has done this since I was five years old.


 Since the content of the same or similar evidence to which Rawls had objected (the
statements by Doe as related by her to Salazar) was introduced multiple times during Rawls's trial,
we cannot find that Salazar's testimony had a substantial and injurious effect or influence in
determining the jury's verdict. Therefore, we find the error to be harmless and overrule this point
of error.



Improper Jury Argument Statement

 As a part of its closing argument, the State told the jury, " [Y]ou didn't hear any evidence in
this case about, you know, her being a wild 11 year old sex addict. You didn't hear any evidence like
that." Rawls promptly objected to the statement and the objection was overruled. This closing
argument statement, which Rawls characterizes as being designed merely to inflame the passions of
the jury, is the basis for Rawls's second point of error.

 "[P]roper jury argument generally falls within one of four general areas: (1) summation of
the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement." Brown v. State, 270 S.W.3d 564, 570 (Tex. Crim. App.
2008); Cannady v. State, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). Improper jury argument is
reversible error "when it violates a statute, injects new and harmful facts into the case, or is
manifestly improper, harmful, and prejudicial to the rights of the accused." Wilson v. State, 938
S.W.2d 57, 59 (Tex. Crim. App. 1996), overruled on other grounds by Motilla v. State, 78 S.W.3d
352 (Tex. Crim. App. 2002). The argument must be considered within the context in which it
appears. Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

 Putting the statement made by the State on closing into the context of the trial, we observe
that during his opening statement, Rawls's attorney told the jury that he expected Doe's mother to
testify that Doe was sexually active and that the mother had caught Doe in bed with little boys having
sex. The State raised an objection at that point and the trial court responded, "We need a hearing on
that. Right now, it's sustained." Rawls never made a proffer of that kind of evidence.

 Without delving into the morass of the admissibility of evidence which was not tendered, it
is unlikely that Rawls would have been attempting to raise a defense of promiscuity on the part of
Doe in order to exculpate himself. Even under former laws when the defense of promiscuity was
an available defense in some child sexual assault cases, it would not have been an available defense
where the alleged child victim was only eleven years of age. See Hernandez v. State, 861 S.W.2d
908, 909 (Tex. Crim. App. 1993). Accordingly, it is not credible to assume that Rawls intended at
any time to inject evidence that Doe was a "wild 11 year old sex addict."

 However, although the phraseology employed by the State in calling the attention of the jury
to the omission of an attempt to introduce promised testimony was somewhat over the top, the
statement of the State to which Rawls now objects would fit within the category of being in answer
to the argument of opposing counsel and amounted to a comment on the lack of evidence which was
promised but not delivered; it was marginally permissible as argument. We do not find it to have
been manifestly improper, harmful, and prejudicial to Rawls's rights. Therefore, the point of error
is overruled.




 We affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice

Date Submitted: October 5, 2009

Date Decided: October 16, 2009


Do Not Publish
1. Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2008). 
2. A majority of states have enacted similar hearsay exceptions for a child's out-of-court
statement about sexual abuse. See Buckley v. State, 758 S.W.2d 339, 342 (Tex. App.--Texarkana
1988), aff'd, 786 S.W.2d 357 (Tex. Crim. App. 1990). 
3. Certain things in the State's direct examination of Gregory would seem to give rise for Rawls
to believe that Gregory received sufficient detail from Doe to have been deemed the outcry witness.
The State asked Gregory to relate "without going into the specifics of what she was telling you" that
caused Gregory to be concerned about the child. 
4. The name Doe ascribes to her vagina.



Normal, div.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-bidi-font-family:Tahoma;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") f1;
 mso-first-header:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-073-CV%20In%20the%20Estate%20of%20Frame%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->











 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00073-CV

                                                ______________________________

 

 

                                                 IN THE ESTATE OF

                                      DORIS V. FRAME, DECEASED

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                             Bowie County, Texas

                                                    Trial Court No. 10C0978-2CCL

 

                                                             
                                     

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            This
is an appeal by Noel Frame, acting pro se, from the order of transfer issued by
the Bowie County Court, transferring this contested probate proceeding to the
Bowie County Court at Law, on June 4, 2010.  


            As
a general rule, parties may appeal only from a final judgment.  De
Ayala v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006).  But see
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a) (Vernon 2008) (listing interlocutory orders that are
appealable).  Probate proceedings give
rise to a recognized exception to that general rule since multiple judgments
may be rendered on discrete issues before the entire probate proceeding is
concluded.  See De Ayala, 193 S.W.3d at 578. 
But not all probate orders are appealable.  Id.
 Courts assessing sufficient attributes
of finality to confer appellate jurisdiction have looked to whether an order
resulted from the adjudication of a substantial right or whether it disposed
of all issues in the phase of the proceeding for which it was brought.  Id.  

            The Texas Supreme Court
has adopted the following standard to determine the finality of a probate court
order:

If there is an express statute, such as the one
for the complete heirship judgment, declaring the phase of the probate
proceedings to be final and appealable, that statute controls.  Otherwise, if there is a proceeding of which
the order in question may logically be considered a part, but one or more
pleadings also part of that proceeding raise issues or parties not disposed of,
then the probate order is interlocutory.

 

Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995).  Under this test, an order that merely sets
the stage for further resolution is interlocutory and not appealable.  De Ayala,
193 S.W.3d at 579; Fernandez v.
Bustamante, 305 S.W.3d 333, 338 (Tex. App.Houston [14th Dist.] 2010, no
pet.).  There is no express statute that
declares a decision to grant or deny a transfer of a case to county court at
law to be final and appealable. 
Moreover, it has been determined that, under Crowson, a transfer order could never, by itself, be
appealable.  Forlano v. Joyner, 906 S.W.2d 118, 120 (Tex. App.Houston [1st
Dist.] 1995, no writ).  

            The
proceeding with which the transfer order is logically related is the probate of
the Frame estate.  Because the entire
probate proceeding was transferred, and because the probate proceeding has
clearly not been finalized, the transfer order is interlocutory.  

            Accordingly,
we dismiss Frames appeal for want of jurisdiction.

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July
27, 2010

Date Decided:             July
28, 2010